UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

| | |
|---|---|
| KENNETH B. BRANSFORD and JACQUELINE D. BRANSFORD, Debtors. _____/ | Case No. 14-30468-dof Chapter 7 Proceeding Hon. Daniel S. Opperman |

OPINION REGARDING DEBTORS' OBJECTION TO TRUSTEE'S FINAL REPORT

Collene Corcoran, the Chapter 7 Trustee in this matter, ("Trustee") filed a Final Report on July 28, 2016, which the Debtors find objectionable. They contend the major asset in this case, the proceeds of a personal injury lawsuit, is owned by Mr. Bransford and that after payment of the creditors of Mr. Bransford only, there will be surplus funds payable to him. The Trustee, consistent with her Final Report, responds by disputing the Debtors' contentions and by relying on a Settlement Agreement and corresponding Order of this Court that allows the Trustee to pay all creditors of both Debtors, resulting in no surplus to either Debtor. After oral arguments on September 7, 2016, the Court took this matter under advisement.

Findings of Fact

The Debtors filed their joint Chapter 7 Petition with this Court on February 25, 2014. A few days prior, on February 21, 2014, a personal injury lawsuit was filed on behalf of Mr. Bransford alleging a design defect and other claims regarding a surgically implanted device in Mr. Bransford's hip. This lawsuit was not disclosed in the Schedules or raised at the March 24, 2014, first meeting of creditors. Both Debtors received their discharge on May 27, 2014, and their case was closed on August 25, 2014.

Afterward, Mr. Bransford learned of a settlement of his lawsuit and told his attorney, who

1

notified the Trustee. The Trustee moved to reopen the case on February 16, 2015, and the Debtors amended their Schedules B and C on February 20, 2015, to include the lawsuit as Mr. Bransford's asset and exempted the asset as to Mr. and Ms. Bransford. The Trustee objected to the exemptions and filed an adversary proceeding against both Debtors to revoke their respective discharges.

The Trustee's Objection to Exemptions were heard by this Court first. At this preliminary hearing, the Court inquired of the ownership of the lawsuit and the right of either Debtor to exempt that asset. Given the record of the pleadings, the Court granted the Debtors additional time to amend their Schedules B and C.

Thereafter, the parties settled their differences. Relevant portions of the Settlement Agreement include:

> 2. Settlement Terms.
> a. The Debtors agree to amend their Schedule C to limit Mr. Bransford's exemptions for the Personal Injury Claim to $22,975 pursuant to 11 U.S.C. §522(d)(11)(D), and for $367.75 pursuant to 11 U.S.C. §522(d)(5).
> b. The Debtors agree that Mrs. Bransford's Schedule C shall be amended to eliminate all exemptions taken relating to the Personal Injury Claim.
> c. The Trustee agrees to withdraw the Proof of Claim No. 22 filed on behalf of Great Lakes Higher Education provided that there is documentation provided to her to reflect that the student loan debt is being paid and is current.
> d. The Debtors agree that they shall withdraw all objections to all other claims, and will not file any objections to the claims in the future.
> e. The parties agree that the Trustee shall pay all allowed claims from the funds recovered from the Personal Injury Claim, regardless of the nature of the claim.
> f. The Debtors agree that they shall not file objections to the Trustee's statutory fees, and they agree not to file any objection to the Trustee's attorney fees or expenses.
> g. The Trustee agrees that upon approval of the Motion to Compromise Claim and this settlement, that she shall dismiss the adversary proceeding against Mr. Bransford and Mrs. Bransford, case no. 15-03029.
> . . .
> 5. Integration. This Agreement constitutes the entire agreement and

understanding between the parties relating to the subject matter contained herein, and this Agreement may not be altered, amended, or modified whatsoever, except by a writing duly executed by the parties.

As stated in the Settlement Agreement, the Trustee filed a motion to approve the settlement on November 12, 2015, and on December 9, 2015, the Court entered an order approving the agreement, which states:

> This matter having come before the Court on the Trustee's Motion to Resolve Trustee's Objection to Exemptions and Settlement of Adversary Case no. 15-03029 and Resolving Claims Objections filed by Debtors, and after notice to all parties in interest;
> IT IS HEREBY ORDERED that the Trustee's Motion is granted, and the Settlement Agreement is approved.
> IT IS FURTHER ORDERED that the Trustee's objections to exemptions are resolved as follows: that the Debtor, Kenneth B. Bransford, is allowed an exemption for the personal injury claim in the amount of $22,975 pursuant to 11 U.S.C. §522(d)(11)(D) and $367.75 pursuant to 11 U.S.C. §522(d)(5).
> IT IS FURTHER ORDERED that all exemptions taken by Mrs. Jacqueline D. Bransford for the personal injury claim of Kenneth B. Bransford, are denied.
> IT IS FURTHER ORDERED that the Trustee will withdraw Proof of Claim no. 22 filed on behalf of Great Lakes Higher Education.
> IT IS FURTHER ORDERED that Debtors shall withdraw all objections to all claims, and that Debtors will not file any future objections to the claims on file with the Court as of this date.
> IT IS FURTHER ORDERED that the Trustee shall pay all allowed claims from the funds recovered from the Personal Injury Claim, regardless of the nature of the claim.
> IT IS FURTHER ORDERED that Debtors shall not file any objections to the administrative claims of the Trustee or her professionals.
> IT IS FURTHER ORDERED that the upon entry of this Court's order approving this Motion, that Adversary Case no. 15-03029 is dismissed.

As reported by the Trustee, she has collected $165,955.57, disbursed $103,992.23,[1] leaving a balance of $61,963.34. The Trustee proposes to pay this amount to all creditors of the Debtors, resulting in an anticipated dividend of 98.2%.

In contrast, the Debtors argue that since the remaining monies are proceeds from Mr.

---

[1] The disbursements to Mr. Bransford include $22,975.00 for his Section 522(d)(11)(D) exemption, and $367.75 for his Section 522(d)(5) exemption.

3

Bransford's assets, only his creditors should be paid, leaving approximately $34,000.00 as a surplus to Mr. Bransford.

## Jurisdiction

This Court has jurisdiction over this matter per 28 U.S.C. §157, 28 U.S.C. §1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) (confirmations of plans). All issues before this Court arise from Title 11 of the United States Code and are therefore within this Court's jurisdiction.

## Analysis

The Court first addresses the issue of whether creditors of Ms. Bransford may receive the proceeds from Mr. Bransford's assets. If not, the Court must then address whether the Settlement Agreement modified the usual distribution of estate assets and proceeds.

A. Status of Property of One Debtor in Joint Petition Proceeding

11 U.S.C. § 302 states:

> § 302. Joint cases
> (a) A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter.
> (b) After the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated.

Section 302(b) allows a court to consider if the debtors' estates should be consolidated. Bankruptcy Rule of Procedure 1015 in turn states:

> Rule 1015. Consolidation or Joint Administration of Cases Pending in Same Court
>
> (a) Cases Involving Same Debtor. If two or more petitions by, regarding, or against the same debtor are pending in the same court, the court may order consolidation of the cases.
>
> (b) Cases Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife,

or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. As order directing joint administration of individual cases of a husband and wife shall, if one spouse has elected the exemptions under § 522(b)(2) of the Code and the other has elected the exemptions under § 522(b)(3), fix a reasonable time within which either may amend the election so that both shall have elected the same exemptions. The order shall notify the debtors that unless they elect the same exemptions within the time fixed by the court, they will be deemed to have elected the exemptions provided by § 522(b)(2).

      (c) Expediting and Protective Orders. When an order for consolidation or joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.

Taken together, the statute and the rule dictate that the assets of one debtor, owned separately, stay within that estate and cannot be used to pay creditors of the co-debtor, unless the two estates are consolidated. Two cases illustrate this interaction. In *Reider v. FDIC (In re Reider)*, 31 F.3d 1102, 112 (11th Cir. 1994), the debtor wife's property was to be used to pay her husband's debts. The Eleventh Circuit held that an order of substantive consolidation was an abuse of discretion by the Bankruptcy Court because of the harm to the debtor's wife's creditors.

Likewise, in *In re Portell*, 557 B.R. 161 (Bankr. W.D. Mo. 2016) the debtor husband inherited property shortly after a joint petition was filed. As the *Portell* Court framed the issue:

> Under this statute, the inheritance received by Keith is his own separate property which, outside of bankruptcy, cannot involuntarily be taken to pay Michele's separate debts. The question presented here is whether the filing of the joint bankruptcy case changes that premise.

*Id.* at 165.

Thereafter, the *Portell* Court analyzed the authorities as follows:

Section 302 of the Bankruptcy Code authorizes the filing of a joint bankruptcy petition by an individual and the individual's spouse. However, "[a]lthough § 302(a) allows a husband and wife to file a petition together which is given only one case number, their two estates remain separate." "Thus, the filing of a joint petition does not in and of itself create a single pool of assets out of which all creditors of the two

5

individuals will be paid, but merely allows the two estates to be jointly administered." (footnotes omitted)

. . .

Section 302(b) provides that after the commencement of a joint case, "the court shall determine the extent, if any, to which the debtors' estates shall be consolidated." "Substantive consolidation of two bankruptcy estates 'means assets and liabilities of both debtors are pooled.'" This case has not been substantively consolidated, and no one has asked that it be consolidated. That said, in considering a request for substantive consolidation, "a court must determine: (1) whether there is a substantial identity between the assets, liabilities, and handling of financial affairs between the debtor spouses; and (2) whether harm will result from permitting or denying consolidation." "Ultimately, the court must be persuaded that the creditors will suffer greater prejudice in the absence of consolidation than the debtors (and any objecting creditors) will suffer from its imposition." "[S]ubstantive consolidation should be invoked 'sparingly' when any creditor or debtor objects to its use." "The determination is made on a case-by-case basis through an examination of the extent of jointly held property and jointly owed debts." Some courts hold that "[t]he standard for substantive consolidation in the spousal context is whether the affairs of the husband and wife are so intermingled that their respective assets and liabilities cannot be separated." (footnotes omitted)

As stated, no one has expressly asked that the Debtors' estates here be substantively consolidated under § 302(b), but, in asking that Keith's separate property be used to pay Michele's separate debts, that is, in effect, what the Trustee is seeking here.

. . .

As stated above, the Trustee is correct that the inheritance is property of Keith's bankruptcy estate. But that does not answer the question of who must be paid from it. On that question, contrary to the Trustee's position, protecting Keith's inheritance from Michele's creditors is very clearly the intent of the statute.

*Id.* at 165-66.

The *Portell* Court concluded:

The Trustee cites no case, and I found none, where a bankruptcy court held that one spouse's separate property under state law is property of the other spouse's bankruptcy estate under § 541 or, by extension, § 1306. I conclude, therefore, that pursuant to Missouri law, Keith's inheritance is his separate property and is includable in only his bankruptcy estate for the payment of only the debts for which he is liable.

6

*Id.* at 166.

In this case, the facts are similar. The personal injury lawsuit was that of Mr. Bransford in that the defective device was put in his hip and not Ms. Bransford's. Also, neither party claimed that Ms. Bransford owned this asset. While it is true she claimed an exemption in this asset in her amended Schedule C, that exemption was subsequently disallowed. Absent consolidation, the assets of Mr. Bransford may only be used to pay his creditors and not Ms. Bransford's creditors.

B.      Substantive Consolidation

As in *Portell*, no party sought formal consolidation of the two estates. Unlike *Portell*, the parties here settled their differences, but now disagree as to the nature of their settlement. In essence, the Trustee effectively argues the motion to appove settlement and subsequent order act as the requisite consolidation of the estate. The Debtors argue that no such implication can be drawn from the motion or the order.

Substantive consolidation is a serious and severe remedy that requires unusual circumstances to warrant combining two estates. Without deciding if consolidation is appropriate, the Court, at this time, does not see a substantial commingling of assets, liabilities, and the handling of the financial affairs of the Debtors. The asset in question is that of Mr. Bransford and the liabilities are those of the separate Debtors, with the exception of a few joint debts. Also, minimal harm does result to those creditors of Mr. Bransford, who could receive 100% plus interest, as opposed to the approximate 98% with no interest. The Court acknowledges potential harm to the creditors of Ms. Bransford, but under the applicable law they would not be entitled to a share of Mr. Bransford's assets. Instead, the greater harm is inflicted on Mr. Bransford, who would receive zero dollars under the Trustee's proposal, but approximately $34,000.00 if the Debtor's objections are sustained.

The Court has considered, but rejected, the possibility that the motion to approve settlement is a de facto motion to consolidate. First, consolidation is not mentioned at all in the motion and its

implication is weak to the extent that there is a reference that the Trustee will pay all claims. As stated earlier, consolidation is used sparingly, and the Court is loathe to extract such a remedy from that motion.

Likewise, the Court is loathe to read the agreement, motion, or order as suggested by any party because such an exercise requires the Court to perhaps consider out of court communications during settlement negotiations or to construe words with meanings unclear to a reader of the documents. Instead, the Court relies on the statutory language of Section 302, which creates two estates jointly administered, and Rule 1015, which allows substantive consolidation after a proper request. Since no formal or proper request for consolidation has been made, the Court sustains the Debtor's objection to the Trustee's Final Report. The Trustee may either file a motion to consolidate or file an amended report.

C. Kenneth Bransford has a Standing to Object to the Trustee's Final Report

The Trustee correctly argues that Mr. Bransford has limited standing regarding the disposition of non-exempt assets. *In re El San Juan Hotel*, 809 F.2d 151, 154-56 (1st Cir. 1987). However, if the objection results in a surplus in excess of the estate's liabilities, an affected debtor has standing. *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118-19 (1st Cir. 2001). *United States v. Jones*, 260 B.R. 415, 418 (E.D. Mich. 2000) (holding debtors have no standing to object to a proof of claim unless there is a surplus estate). Here, since the proceeds of the lawsuit exceed the liabilities of Mr. Bransford's creditors, a surplus exists and Mr. Bransford has standing.

Counsel for the Debtors is directed to prepare an order consistent with this Opinion and the presentment of order procedures of this Court.

**Signed on November 01, 2016**

                                             **/s/ Daniel S. Opperman**
                                             **Daniel S. Opperman**
                                             **United States Bankruptcy Judge**